**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000548
26-NOV-2014
08:57 AM**

NO. CAAP-14-0000548

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICHAEL KUMUKAUOHA LEE, Petitioner-Appellant-Appellant,
v.
WILLIAM AILA, in his official capacity as Chairperson
of the Board of Land and Natural Resources,
and HASEKO (EWA) Inc., Respondents-Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1644)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Petitioner-Appellant-Appellant Michael Kumukauoha Lee
(**Lee**) appeals from the February 24, 2014 Final Judgment entered
in the Circuit Court of the First Circuit[1] (**circuit court**)
pursuant to the May 30, 2013 "Order Affirming Decision of Board
of Land and Natural Resources and Dismissing Appeal."

On appeal, Lee contends:

(1) the Board of Land and Natural Resources (**BLNR**)
failed to adequately assess how an amendment to Conservation
District Use Permit OA-2670 (**CDUP**) will effect Native Hawaiian
burials;

(2) the BLNR failed to adequately assess a CDUP
amendment's effect on Native Hawaiian religious and cultural
practices;

---

[1] The Honorable Rhonda A. Nishimura presided.

(3) the BLNR improperly shifted the burden onto a Native Hawaiian Practitioner in granting a CDUP amendment;

(4) the BLNR clearly erred when it found that a reduction in the size of a proposed marina will not adversely impact Native Hawaiian burial sites; and

(5) the circuit court erred in holding that it lacked authority to grant the redress or relief Lee requested.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Lee's appeal is without merit.

The circuit court did not err in dismissing Lee's appeal and affirming the BLNR's decision. Under Hawaii Revised Statutes (**HRS**) § 91-14(f) (2012 Repl.), the circuit court's review of Lee's contested case was confined to the record below and its authority to grant relief was limited pursuant to HRS § 91-14(g). The crux of Lee's challenge to Respondent-Appellee-Appellee Haseko (Ewa) Inc.'s (**Haseko**) amendment centers around whether there are significant burial sites in the entrance channel that would connect Haseko's marina to the Pacific Ocean. However, the BLNR limited Lee's contested case to "issues raised by the change in the size of the marina." The BLNR noted in its conclusions of law that the contested case was "not a proceeding to modify, suspend, or revoke CDUP OA-2670." Lee did not challenge this conclusion or the scope of the contested case in the circuit court and did not object to this conclusion as proposed by the hearing officer before it was adopted by the BLNR. In addition, the BLNR concluded that "evidence tending to show that information or data submitted to the Board in connection with CDUA OA-2670 was false, incomplete, or inaccurate" was irrelevant to the proceeding, except to the extent that such evidence shows that reducing the size of the water basin for the marina would cause the CDUP to no longer meet

2

the requirements of applicable law or would violate public trust principles.

The circuit court correctly noted that "[a]lthough Appellant Lee may have legitimate concerns, he admits that his concerns lie with the excavation of the entrance channel, which was not the subject of the contested case below." Instead of focusing on the effects of reducing the size of the marina's water basin, Lee continued to argue that the BLNR failed to assess the entrance channel's effect on Native Hawaiian burial sites and cultural practices. In essence, Lee sought to challenge Haseko's CDUP, which gave it permission to build the entrance channel. Haseko's requested amendment to the CDUP sought to reduce the size of the marina's water basin. The contested case only pertained to the effects of reducing the size of the marina's water basin. Therefore, Lee's arguments against constructing the entrance channel were misplaced and the circuit court did not err in holding that it could not grant Lee the redress or relief he sought.

The only argument Lee raised that directly pertained to the marina was that "[a] smaller marina may require a smaller entrance, or a larger entrance, or to shift the location of the entrance entirely from its current trajectory." Lee fails, however, to point to any evidence in the record to support his contention. Haseko specifically stated in its application to amend the size of the marina that "[t]here will be no change to the marina entrance channel . . . within the conservation district[.]" The BLNR then determined in its findings of fact that Haseko's request to reduce the size of the marina's water basin "will not change the dimensions or methodology of construction of the entrance channel, or the effects of the construction on any alleged burial sites, cultural sites, or native Hawaiian rights." The BLNR relied upon this finding of fact to ultimately conclude that Haseko's requested amendment "will not violate the Public Trust doctrine, [and] will not violate customary or traditional rights of native Hawaiians[.]"

Based on the record before us, the BLNR's finding of fact was not clearly erroneous. <u>See</u> <u>Del Monte Fresh Produce (Hawaii), Inc. v. Int'l Longshore & Warehouse Union, Local 142, AFL-CIO</u>, 112 Hawai'i 489, 502, 146 P.3d 1066, 1079 (2006).

Therefore,

IT IS HEREBY ORDERED that the February 24, 2014 Final Judgment entered in the Circuit Court of the First Circuit pursuant to the May 30, 2013 "Order Affirming Decision of Board of Land and Natural Resources and Dismissing Appeal" is affirmed.

DATED:  Honolulu, Hawai'i, November 26, 2014.

On the briefs:

Michael Kumukauoha Lee
Petitioner-Appellant-Appellant
pro se.

Yvonne Y. Izu
Angela Fong
(Morihara Lau & Fong)
for Respondent-Appellee-Appellee
Haseko, (Ewa) Inc.

Chief Judge

Associate Judge

Associate Judge

4